GEORGE W. SAXON & CO., APPELLANTS, VS. E. W. GAMBLE ET AL., APPELLEES.

1. A supersedeas may be granted on an appeal from an order of the Circuit Court setting aside a final decree of that court.

2. In determining whether a supersedeas can be granted, it is not necessary or proper to consider the merits of the appeal.

3. A Justice of the Supreme Court may grant a supersedeas, notwithstanding a prior refusal of the Circuit Judge to grant it.

Appeal from the Circuit Court for Leon County.

The facts of the case are stated in the opinion of the court.

*D. S. Walker, Jr.*, for the motion.

For statutes regulating appeals and supersedeas, see McClellan's Digest, 167, sections 1 and 2.

An appeal from a final decree operates as a supersedeas as a matter of right, if entered in the time prescribed by law, but if entered after that time, a supersedeas is obtainable from one of the judges of the Supreme Court only, when, in the sound discretion of the judge, it should be granted.

Supersedeas upon appeals from interlocutory orders are only allowable when the judge thinks fit, on inspection of

the record, to grant a stay of proceedings. Barnes vs. Myrick, 12 Fla., 416.

First—If, upon the hearing of this motion, the court concludes that there should be no stay of proceedings, but that all interests concerned demanded that the case be heard and determined in the court below, the supersedeas should be discharged.

The case is a singular one. The Chancellor makes a decree, which, in his order setting it aside, he states, deprived the defendants of their rights without their having an opportunity to be heard. This supersedeas sustains that decree until the appeal from the order setting it aside is heard by this court.

The office of a supersedeas is to prevent a defendant from being deprived of his property until his case can be heard upon appeal, but in this case it is sought to be used to deprive the defendant of his property before his case can be heard even in the court where it originated, and, that too, as shown by the record, without allowing him even a hearing before his property is taken from him.

This appeal is taken to the January term, 1888, which discloses the purpose of delay. All the time until then the defendants are deprived of their property in the same manner as if final decree had been rendered against them though the case has never been heard.

The statute says appeals of this kind " shall not operate as a supersedeas, unless the judge of the Circuit Court or a Justice of the Supreme Court, on inspection of the record, shall think fit to order and direct a stay of proceedings."

This record does not show that the plaintiffs are entitled to ask for a stay of proceedings, and the court is only required to order such stay when it *thinks* fit to do so.

It being a matter in the discretion of the court, we submit that no supersedeas should be allowed.

Secondly—Is a supersedeas legal in any appeal of this kind, even if the court had no discretionary power to allow or refuse? The question is answered in the negative by the Supreme Court of Tennessee in a number of cases.

The jurisdiction of the judges of the Supreme Court of that State to grant supersedeas is the same as ours, except that in a proper case the law is mandatory and no discretion is allowed. See Code of Tennessee of 1851, section 3933.

In the case of Mabry vs. Ross, 1 Heis., Tenn., 769, the Supreme Court of Tennessee held that " there must be some affirmative act to be done to prevent the doing of which the writ (supersedeas) is awarded." In the case cited, an injunction was granted on the prayer of a president of a railroad against the stockholders to prevent them from having an election. The injunction was afterwards dissolved and a supersedeas prayed for upon appeal from the order dissolving the injunction. The supersedeas was denied upon the principle stated.

The same rule governs in the case of Redmond vs. Redmond, 9 Bax., Tenn., 561, in which an order was made, upon bill filed, to attach property in aid of the proceedings. A petition was filed praying that the bill be dismissed and the attachment and levy thereunder be discharged. A motion was then made to dismiss the bill and quash the attachment. The court overruled the motion. On application, one of the judges granted a supersedeas, but on motion heard by the court, the supersedeas was discharged.

The supersedeas in the case before the court in effect appoints the receiver, and reverses the order of the Chancellor vacating his own order for the appointment of the receiver. Richmond vs. Richmond, 9 Bax., 564–565.

The order vacating the decree is merely negative in its

character and cannot be superseded by the order of this court. 9 Bax., 561; 1 Lea, Tenn., 78.

A supersedeas in such a case as the one before the court is a perversion of the principle upon which the right to supersede the proceedings of a lower court until this case can be heard by a higher court rests. 1 Lea, Tenn., 78.

A supersedeas to an interlocutory order is only intended to meet those cases where, in advance of a hearing on the merits, from which the losing party may take an appeal, the inferior court makes an order actually determining rights, and orders its enforcement. Park vs. Meek, *et al.,* 1 Lea, Tenn., 78; 8 Lea, Tenn., 465.

The case at bar is no such case, and therefore the supersedeas should be discharged.

Application was made for a supersedeas to the Chancellor, and being refused no application could properly be made to the judge of this court. Nor could an appeal be taken from such refusal. U. S. Digest, vol. 13, page 371, secs. 6 and 7.

No counsel appeared *contra.*

THE CHIEF-JUSTICE delivered the opinion of the court:

On the 28th day of May, 1887, a final decree was rendered in this case in the Circuit Court for Leon county. On the 27th day of June, 1887, the judge of the court, on motion of defendants, made an order setting aside that decree. The plaintiff took an appeal from this order July 5th, 1887, and on application to the Chief-Justice obtained an order of supersedeas. Thereupon the defendants entered a motion in this court for the discharge of the supersedeas, the first ground of which is that the supersedeas delays the hearing of the cause, thereby working injustice to the defendants. It is sufficient to say as to this, that the

record shows there has already been a final hearing, and a resulting final decree. Whether the hearing was had under circumstances to give validity to the decree is not for us to determine on this motion, or whether in fact there will be further hearing, depends on the result of the appeal from the order on which the supersedeas was granted. If that appeal should be sustained there can be no further hearing, unless the decree itself is reversed on appeal.

The second ground of the motion is, that the order is not such an order as to justify a supersedeas. Here we have a final decree and a receiver appointed to execute it. The appeal is from an order vacating the enrollment of this decree and restoring the case to its status before the decree was given. It is not necessary or proper for a Justice, on application for supersedeas to consider the merits of the appeal, and therefore we do not consider whether the judge could legally make such an order. Then was the order one to justify a supersedeas? The counsel insists that the rule is that a supersedeas will not be granted unless some affirmative act is to be done, to prevent the doing of which the supersedeas is awarded. That is a rule which, in our judgment, is not violated by the supersedeas in this case. The affirmative act to be done is to arrest the execution of the decree by the receiver, to our minds the same sort of affirmative act that an order arresting a Sheriff in executing a writ of *fi. fa.* issued on a final judgment, and most certainly such an order would be subject to a supersedeas. We think, therefore, that the order in this case was one on which supersedeas could legally be made to operate.

The third ground of the motion is, that the judge who granted the order had refused to grant a supersedeas. There is nothing in the record to that effect, but if there

was such refusal, we do not think that would prevent a Justice of this court from granting a supersedeas on proper original application therefor.

The motion is denied.